UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY SIVAK,<br><br>    Petitioner,<br><br>    v.<br><br>ZAHIDA PEREA,<br><br>    Respondent. | Case Nos. 24-cv-09159-AMO (PR)<br>25-cv-00511-AMO (PR)<br>25-cv-00558-AMO (PR)<br>25-cv-00559-AMO (PR)<br>25-cv-00560-AMO (PR)<br>25-cv-00561-AMO (PR)<br>25-cv-01198-AMO (PR)<br>25-cv-02258-AMO (PR)<br><br>**ORDER DISMISSING MULTIPLE CASES WITH PREJUDICE** |

Lacey Sivak, an Idaho state prisoner and frequent litigant, filed the above-captioned actions, representing himself. Sivak presents nearly identical claims in the above-captioned actions, which include petitions for a writ of mandamus seeking to compel certain conduct by a prison staff member named Zahida Perea, who is the paralegal at the prison's law library, the Idaho State Correctional Institution Resource Center.

In each above-captioned action, Sivak has requested leave to proceed *in forma pauperis* ("IFP"). However, he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g). Sivak is a frequent litigant who has filed more than 400 cases in the Northern District of California.[1] A nationwide federal court search on the Public Access To Court Electronic Records or PACER database returns hundreds of results for lawsuits in his name. The Ninth Circuit and the District of Idaho have previously found him to be a three-striker. *See* Ninth

---

[1] Since May 2024, the undersigned judge has issued dismissal orders pursuant to section 1915(g) in these 400 different cases.

Circuit Case No. 23-35190, Dkt. 8 (June 2, 2023) (citing *Sivak v. Winmill*, No. 1: 02-cv-00353 (D. Idaho Oct. 17, 2002) (dismissed for failure to state claim); *Sivak v. Nye*, No. 21-35760 (9th Cir. Nov. 8, 2021) (dismissed as frivolous); *Sivak v. Duggan*, No. 21-35356 (9th Cir. Jan. 21, 2022) (dismissed as frivolous)). Because Sivak has had at least three cases dismissed that count as "strikes," pursuant to section 1915(g), he may not proceed IFP in the above-captioned actions unless he demonstrates that he is in imminent danger of serious physical injury at the time he filed the petitions in each action. The allegations in the complaints in the above-captioned actions do not show that Sivak was in imminent danger at the time of filing. Therefore, he may not proceed IFP, and his motions for leave to proceed IFP are **DENIED**.

Moreover, even if an IFP application were granted, Sivak's lawsuits would be barred under *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (finding that federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in performance of their duties).

Also, any motions in the above-captioned cases to disqualify the undersigned judge are **DENIED** as these are not cases in which the undersigned judge's impartiality might be reasonably questioned due to the repetitive and frivolous nature of the filings. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (finding that absent legitimate reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases assigned to that judge).[2]

---

[2] Sivak previously named the undersigned as a respondent in five cases before the Honorable Judge James Donato. *See* Case Nos. 24-cv-04592-JD (PR), 24-cv-04653-JD (PR), 24-cv-06543-JD (PR), 24-cv-06544-JD (PR), 25-cv-00562-JD (PR). On October 15, 2024, Judge Donato dismissed four cases with prejudice upon finding that "[n]one of the cases plausibly allege[d] a claim of any sort, even when read generously for a pro se litigant." *See* Case No. 24-cv-04592-JD (PR), Dkt. 7 at 2. On May 13, 2025, Judge Donato dismissed the fifth case upon finding that "Judge Martínez-Olguín is immune from civil claims for damages alleged in connection with actions taken in her judicial capacity." *See* Case No. 25-cv-00562-JD (PR), Dkt. 4 at 1 (citing *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996)). On February 5, 2025, the undersigned dismissed twenty-eight similar cases filed by Sivak upon determining not only that the undersigned is immune but also that he "has had at least three cases dismissed that count as 'strikes,' pursuant to [28 U.S.C. §] 1915(g), [and] he may not proceed IFP in the [those] actions unless he demonstrates that he is "under imminent danger of serious physical injury" at the time he filed the petitions in each action. *See* Case No. 25-cv-00727-AMO (PR), Dkt. 2 at 2. In the above-captioned cases, Sivak does not seek recusal, nor is recusal warranted considering the frivolous nature of the cases. In one of the above-captioned cases, Sivak alleges "misconduct" by the undersigned judge and requests Chief Judge Richard Seeborg to "decide how to deal with [the undersigned judge]." *See* Case No. 25-cv-02258-AMO (PR), Dkt. 1 at 1, 12-13.

Accordingly, the above-captioned actions are **DISMISSED WITH PREJUDICE**.

The Clerk of the Court shall **TERMINATE** all pending motions and close these above-captioned actions.

Further, Sivak may not continue submitting documents in these closed cases. Any further motions submitted by Sivak in these closed cases, other than those specifically permitted by law to be filed in closed cases, will not be considered by the Court and will be returned to Sivak.

**IT IS SO ORDERED.**

Dated:   June 13, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3